NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERIC EARLE, | : | |
| | : | Civil Action No. 10-6008 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| TEVA PHARMACEUTICALS, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

  This matter comes before the Court upon Defendant Teva Pharmaceuticals USA, Inc.'s motion to dismiss Plaintiff's Complaint [docket entry no. 15]. Plaintiff has opposed the motion. The Court will rule based on the papers submitted and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Defendant's motion to dismiss.

I.  **BACKGROUND**

  *Pro se* Plaintiff Eric Earle ("Plaintiff" or "Earle") filed his Complaint [docket entry no. 1] on August 6, 2010 in the United States District Court for the District of Massachusetts. Upon motion by Defendant, this action was transferred to this Court on November 10, 2010 [docket entry no. 11]. The following factual summary is taken from the Complaint and its attachments.

  Plaintiff began work for Barr Pharmaceuticals, Inc. in February of 2008. On December

23, 2008, Barr Pharmaceuticals was acquired by Teva Pharmaceuticals.  At this time, Plaintiff was a plan participant in his employers Severance Pay Plan for U.S. Employees (the "Plan) [docket entry no. 15-3, Ex. B].  As part of the transition, employees were told that they would be eligible for severance if they did *not* accept a position that was located more than 50 miles from his or her current work location.  Mr. Earle was given a new territory in which "99% of the new targets were well beyond 50 miles from [his] former territory."  Mr. Earle accepted the new position, but nonetheless sought severance through the claim process.  His claim was denied, and that denial was affirmed on appeal.  In his appeal determination, Clifford Montgomery, Vice President of Human Resources, noted that the "Plan's purpose is not to pay benefits to current employees."  After receiving the appeal determination, Mr. Earle resigned effective August 31, 2009.  There is no indication that Mr. Earle re-initiated his claim process after his resignation.

## II.   DISCUSSION

### A.   Standard of Review

The Supreme Court has held that a complaint filed by a *pro se* plaintiff must be construed liberally and to a less stringent standard than those pleadings filed by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir.1992).  A *pro se* litigant's complaint is, nevertheless, subject to the same pleading requirements set by Federal Rule of Civil Procedure 8(a) as other complaints filed in federal court. *Erickson*, 551 U.S. at 93-94.

Federal Rule of Civil Procedure 8(a) requires that to state a claim for relief, a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2).  When evaluating the sufficiency of claims subject to the pleading

requirements of Rule 8(a), the Court must apply the plausibility standard articulated by the

Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*,

129 S.Ct. 1937 (2009).  In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will

survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as

true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting

*Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556.)  The cases are also clear about what

will not suffice: "threadbare recitals of the elements of a cause of action," an "unadorned, the-

defendant-unlawfully-harmed-me accusation" and conclusory statements "devoid of factual

enhancement." *Id.* at 1949-50; *Twombly*, 550 U.S. at 555-57.  While the complaint need not

demonstrate that a defendant is *probably* liable for the wrongdoing, allegations that give rise to

the mere *possibility* of unlawful conduct will not do.  *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550

U.S. at 557.  The issue before the Court "is not whether plaintiff will ultimately prevail but

whether the claimant is entitled to offer evidence in support of the claims."  *Burlington Coat*

*Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974)). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a

court may consider only the allegations of the complaint, documents attached or specifically

referenced in the complaint if the claims are based upon those documents and matters of public

record.  *Winer Family Trust v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007); *Sentinel Trust Co. v.*

*Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

3

**B.      Analysis**

Defendants have moved to dismiss Plaintiff's Complaint in its entirety.  Defendant points

out, and this Court agrees, that it is difficult to determine precisely what claims Plaintiff is

making.  At a minimum, it is clear that Plaintiff is attempting to state a cause of action under the

Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq.  Neither party

disputes that the Plan constitutes an employee welfare benefit plan under ERISA; accordingly,

this action is governed by ERISA.

In an action pursuant to ERISA, state law claims are preempted where they "relate to" the

Plan.  "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a

connection with or reference to such a plan."  *Urbanik v. ITT Corp.*, No. 09-627 SDW, 2009 WL

2132434, at *4 (D.N.J. July 13, 2009) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97

(1983)).  "ERISA's preemption clause is not limited to 'state laws specifically designed to affect

employee benefit plans,' but also includes common-law cause of action that relate to an

employee benefit plan.  *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)).

While it is difficult to ascertain exactly what Plaintiff is pleading, it appears that his breach of

contract, breach of fiduciary duty and unjust enrichment claims all relate to severance benefits he

seeks under the Plan.  Accordingly, they are preempted by ERISA and are dismissed with

prejudice.

As for Plaintiff's claims under ERISA, it appears that he is seeking severance benefits

allegedly due to him under the plan.  However, Plaintiff has failed to allege that he experienced a

"Covered Termination."  (Plan, ¶ 1.2).  Without such a showing, Plaintiff cannot be eligible for

benefits.  (Id., ¶ 3.1).[1]  As such, Plaintiff's ERISA claims are dismissed with prejudice.

## III.  CONCLUSION

Plaintiff's claims are not viable, and Defendant's motion to dismiss pursuant to Rule 12(b)(6) will be granted.  The Complaint will be dismissed with prejudice in its entirety.  The court need not dismiss without prejudice and with leave to amend if amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir.2002).  The deficiencies identified in the Court's discussion above could not be cured by amendment, and thus dismissal with prejudice is appropriate.  An appropriate form of Order will accompany this Opinion.

   s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: July 22, 2011

---

[1]It appears that Plaintiff's employment status at the time he sought benefits was a motivating factor in his claim denial.  If Plaintiff now wishes to pursue benefits because he is no longer employed by Teva, he would have to re-initiate the administrative review process required by the Plan.